BEAUMONT READY–MIX, INC., Appellant,

v.

Luther MADDOUX D/B/A Gospel Center Church, Appellee.

No. 09–84–280 CV.

Court of Appeals of Texas, Beaumont.

April 17, 1986.

Rehearing Denied May 7, 1986.

---

Daniel Clayton, Beaumont, for appellant.

Clint Lewis, Beaumont, for appellee.

DIES, Chief Justice.

Beaumont Ready-Mix, Inc., as plaintiff below, sued Luther Maddoux, d/b/a Gospel Center Church, as defendant below, alleging "Plaintiff furnished materials and labor needed for a foundation and slab for a church building." The amount sued for is $8,627.00, together with $3,000.00 attorney's fees. An itemized statement of account was attached to the petition, which was sworn to by plaintiff's president. Defendant filed a sworn denial that the account was not true or just, and all offsets and credits had not been allowed. He also alleged he was not liable in the capacity he was sued, and plaintiff had dealt with a Board of Trustees of a church.

A jury was selected, at the conclusion of which the judge granted an instructed verdict for the defendant. It is from this instructed verdict the plaintiff has appealed to this court.

The rule in such cases is aptly stated in 3 R. MCDONALD, *TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS sec. 11.28.2* (rev. 1983), inter alia:

"The basic rule is that, upon motion for instructed verdict, the trial court, without passing upon the credibility of witnesses, accepts as true all evidence which, when liberally construed in favor of the adverse party, tends to support such adverse party's contention (as to the truth of the fact propositions on which he relies or the falsity of those urged by the movant); indulges every reasonable inference which can properly be drawn in favor of such opponent's position from the evidence; and discards all contradictory evidence favorable to the movant. If, so viewed, the evidence amounts to more than a scintilla, i.e., more than a mere suspicion or speculation that the fact propositions asserted by the opponent might be true or that those urged by the movant might be false, as the case may be, *an issue is at least raised....*" (emphasis supplied, footnotes omitted)

Defendant brought the plans for a new building "he was getting ready to build" to plaintiff's office. Defendant stated he was going to be his own contractor. Plaintiff dealt only with defendant. We find that this created a fact question, on which plaintiff had a right to go to the jury. Plaintiff's first point of error is sustained; the case is remanded to the court below for trial. It is unnecessary to address plaintiff's other two points of error.

Reversed and Remanded.